Dolores Herrero, Plaintiff and Appellant, v. Aboy, Vidal & Co., Inc., et al., Defendants and Appellees.

No. 5399. Argued May 23, 1931.—Decided May 27, 1931.

Arturo Aponte for appellant. L. Vergne Ortiz and R. A. Arroyo Ríos for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Aboy, Vidal & Co., Inc., brought an action in the Municipal Court of San Juan against Arturo Gallardo and obtained a writ of attachment addressed to the marshal of the Municipal Court of Carolina who levied upon certain live stock in that municipality. Doña Dolores Herrero claimed the attached property and on presenting the usual papers obtained possession thereof. The marshal instead of filing these papers in the Municipal Court of Carolina sent them with his return to the Municipal Court of San Juan. The secretary of the Municipal Court of San Juan then notified the claimant and the parties to the original action that the papers had been filed in that court. Next the judge of the Municipal Court of San Juan ordered that the question be brought to an issue in writing and granted claimant 10 days within which to present her claim. Claimant took no further action. Later her claim was dismissed for want of prosecution.

The district court dismissed an appeal as frivolous because, in the absence of any pleadings in the municipal court, there was nothing upon which to base a trial *de novo*.

Section 3 of "An Act to regulate appeals from judgments of municipal courts in civil cases" (Comp. St., § 5334) reads in part as follows:

". . . . When the appeal is called for trial the court shall, on motion of the appellant, review and consider any preliminary orders, decisions or rulings by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial unless the court shall have considered that the complaint or answer is subject to demurrer, in which event the court in its discretion may permit such complaint or answer to be amended. The action being finally at issue, the trial shall be held as a trial de novo . . . ."

Under this section we think the district court has the power to hear and determine any question of law going to the jurisdiction of the municipal court and to reverse the judgment of that court for want of jurisdiction, without the necessity of a trial *de novo*. This point was not presented nor decided in *Muriente* v. *Terrasa,* 22 P. R. R. 686, cited by the district judge. It is fair to add that no such question was raised in either the municipal or the district court, but appellant was not required to state the ground of her appeal before the case was called in the district court.

Appellant now points out that the Municipal Court of San Juan was without jurisdiction to try the question of title to the property attached in another municipality. The case of *Insular Motor Corporation* v. *District Court,* 41 P.R.R 126, seems to be decisive of this question. In any event, the district court erred in dismissing the appeal from the municipal court as frivolous.

The judgment appealed from must be reversed.